# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1891, IN THE SEVENTY-
SIXTH YEAR OF THE STATE.

---

No. 15,262.

### THE CITY OF NOBLESVILLE *v.* THE LAKE ERIE AND WESTERN RAILROAD COMPANY.

HIGHWAY.—*Dedication, Revocation.*—A valid dedication can not be revoked.

SAME.—*Invalid Condition Annexed to Dedication, Effect.*—A donor can not attach to his dedication any condition that will destroy its chief characteristic or take it from the control of the public authorities; and if such a condition be attached, it is void and the dedication valid.

SAME.—*Dedication Conditioned that a Railroad Might be Laid in the Street Dedicated.*—The use of a street for a railroad is a public use, and is not necessarily destructive of the character of the public way; and a condition annexed to a dedication that a railroad company should have the right to lay a track or tracks in the street dedicated is not void.

PLAT.—*Construction.*—A plat must be construed like a written instrument, and no part of it can be regarded as superfluous or meaningless if such a result can be reasonably avoided.

SAME.—*Practical Construction.*—If the meaning of the person who executed a plat is doubtful, the practical construction put upon it by the acts of parties concerned will be accepted and followed by the courts.

RAILROAD.—*Additional Track in Street.*—Where a donor of a street attaches a condition to it that a railroad company shall have the right to lay its tracks therein, and such company lays and uses only one track in such street, it does not lose its right to lay therein an additional

track, even though more than twenty years have elapsed between the grant and the assertion of its right to lay the additional track.

REAL ESTATE.—*Title by Adverse Possession, Necessity of Actual Possession.— Color of Title.*—If the claimant of land has title by deed, it is not necessary that he should take actual possession of all the property granted ; and this is true even though he have no more than color of title, actual possession of a part being such possession of all the property as will give title by lapse of time. .The *pedis possessio* is only necessary where there is no color of title.

From the Hamilton Circuit Court.

*A. F. Shirts, M. Vestal* and *J. Stafford,* for appellant.

*R. R. Stephenson, W. R. Fertig, W. E. Hackedorn* and *F. S. Foster,* for appellee.

ELLIOTT, C. J.—The city of Noblesville prosecutes this suit upon the theory that the railroad company is asserting an unfounded claim to construct and maintain an additional track upon and along certain streets of the city. The company claims the right to construct and maintain the track under a grant from William Conner.

In 1849 William Conner, then the owner of the land which this controversy concerns, made a plat of an addition to the town of Noblesville, and caused it to be recorded. The plat is thus entitled : " Donation by William Conner for depot at Noblesville. Addition to Noblesville." Spaces are given on the plat representing streets and alleys, and a space is designated for a " depot building." The designation is made by enclosing a space within lines, and by writing in the space so enclosed the words, " Lot for depot building." Red lines appear on the plat, running along and across the spaces marked out and designated as streets. These red lines are five in number, and they lead to and pass the lot designated on the plat as " Lot for depot building." A short time after the plat was executed and recorded Conner executed a deed to a predecessor of the appellee, in which he conveyed the lot above mentioned to that company, and that deed also conveyed the " free use and occupancy

of the streets in said addition for such railroad tracks, side tracks, switches and turns as said company by its directors may think proper." Possession was taken by the grantee. The main line of road was constructed as early as 1851. A side track was soon after constructed, and the station erected. The tracks originally constructed have been continuously in use since they were laid down.

It is not necessary to decide whether the dedication made by William Conner is valid as a statutory dedication, for, if it was effective, either as a statutory or common law dedication, the municipal corporation acquired a public easement in the land dedicated. After the acquisition of the easement the dedication became irrevocable, for a valid dedication can not be revoked. See authorities collected in Elliott Roads and Streets, pp. 89, 92, 112. If, therefore, there was an effective dedication, and one of an absolute nature, the deed made by Conner, after the execution of the plat, could not divest the public rights vested by the dedication. But the question of difficulty in this instance is, what was the nature and effect of the dedication evidenced by the plat? Our conclusion is that the dedication was not an absolute or unrestricted one, but was, on the contrary, limited and restricted by the donor at the time he made it. See authorities referred to in Elliott Roads and Streets, pp. 91, n. 2, 110. *Miller* v. *City of Indianapolis*, 123 Ind. 196.

The red lines on the plat can not be regarded as meaningless, for the plat is a written instrument, and no part of a written instrument can be regarded as superfluous or meaningless if such a result can be reasonably avoided. The lines run to and from a lot which the plat designates as a place for a railroad station, and the fair implication is that they were intended to designate railroad tracks. They can, indeed, have no meaning at all, unless they do designate tracks leading to and from a railroad station. The statement on the plat, " Donation for depot at Noblesville," indicates the main purpose of the donor, and by assigning to the red

lines the meaning designated by us that intention is given effect, and the entire instrument made operative. If, however, we are in error in affirming that the plat on its face shows that the railroad company was given a right to lay tracks on the streets laid out by Conner, the ultimate result would not be affected, for the long-continued use and the continuous acts of the parties have construed the plat to mean what we have asserted, namely, that, while the streets are dedicated to the municipality, the dedication is limited by the donation made to the company of the right to use and occupy the streets with its tracks as indicated by the red lines on the plat. The rule is well settled that if the meaning of an instrument is doubtful, the practical construction put upon it by the acts of the parties will be accepted by the courts. *Willcuts* v. *Northwestern, etc., Ins. Co.,* 81 Ind. 300, and cases cited; *Johnson* v. *Gibson,* 78 Ind. 282, and cases cited. There is no reason why that rule should not apply to such a case as this.

Assuming that the dedication is limited and burdened by the right donated to the railroad company, the question which next presents itself is whether the limitation is effective. Counsel contend that "a party can not dedicate a street to the use of the public, and reserve in the street a private use for an individual." In support of this contention counsel refer to Dillon Munic. Corp., section 492, and to the case of *City of Des Moines* v. *Hall,* 24 Iowa, 234. We fully assent to the proposition of counsel; and we are, indeed, prepared to carry the doctrine somewhat further, for we believe that a donor can not attach to his dedication any condition that will impair the police power. The dedication will be upheld, and the condition adjudged ineffective. *Jamieson* v. *Indiana, etc., Co.,* 128 Ind. 555; *Richards* v. *City of Cincinnati,* 31 Ohio St. 506; *Jackson* v. *Hartwell,* 8 Johns. 422; *Fitzpatrick* v. *Robinson,* 1 H. & B. 585, and authorities cited in Elliott Roads and Streets, 109.

We affirm it to be true that a condition can not be annexed

to the dedication of a highway which will destroy its chief characteristic, or take it from the control of the duly authorized public officers, but in this instance no such condition is annexed, nor is the highway taken from the control of the municipality. No such condition is annexed for the reason that the occupancy of a highway by a railroad does not destroy its character. It remains a highway notwithstanding its use by the railroad company. *Louisville, etc., R. W. Co.* v. *Phillips*, 112 Ind. 59.

The control over the highway is not taken from the municipality, for it may still exercise the police power over it; the only limitation is that which grows out of the right to use it for railroad purposes. Use of a highway for a railroad is a public use, and is not necessarily destructive of the character of the public way. The authorities which deny the right to annex a condition to a dedication incompatible with its character and use, are not of controlling force where the annexed condition is that a railroad company may also use the highway.

The donation and the deed gave the appellee title, and, as there was title, it was not necessary that it should have taken actual possession of all the property granted it. Even where there is no more than color of title, actual possession of part is such possession of all the property as will give title by lapse of time. *Wright* v. *Kleyla*, 104 Ind. 223.

The *pedis possessio* is only necessary where there is no color of title. It is clear, therefore, that the company acquired title to the entire easement granted by Conner, and that it has the right to lay the additional track which it proposes to construct, for that right is fully within its grant. A like conclusion was reached, although by a somewhat different line of reasoning, in the cases of *Chicago, etc., R. R. Co.* v. *Eisert*, 127 Ind. 156 ; *White* v. *Chicago, etc., R. R. Co.*, 122 Ind. 317.

Judgment affirmed.

