THE BRUNSWICK & WESTERN RAILROAD COMPANY *v.* THE MAYOR AND COUNCIL OF THE CITY OF WAYCROSS *et al.*

Where the dedication of so much of a public street as crosses an existing track and the right of way of a railroad company, has resulted by implication from the laying out of the street at that point by the municipal authorities and its use by the public, acquiesced in by the railroad company, the company is not thereby precluded from constructing and using for the passage of its locomotives and cars, when essential to the convenient transaction of its business, an additional track upon such street, within the limits of the right of way owned by it at the time of the dedication, if the track is so constructed and used as not to interfere more with the use of the street by the public than is ordinary and usual at street and railway intersections where the whole breadth of the right of way is occupied with tracks for the passage of locomotives and cars.

April 17, 1893. Argued at the last term.

Before Judge ATKINSON. Ware superior court. April term, 1892.

GOODYEAR & KAY and S. W. HITCH, for plaintiff in error.

L. A. WILSON and S. R. ATKINSON, *contra*.

SIMMONS, Justice.

Injunction was granted at the instance of the municipal authorities of Waycross, restraining the Brunswick & Western Railroad Company from constructing a side-track or "Y" to make a connection with another railroad, the proposed construction crossing Plant avenue in that city. The case is the same that was before this court at the October term, 1891, on exception to the

granting of an interlocutory injunction, the decision being that there was no abuse of discretion in granting that injunction (88 *Ga.* 68). When the case came on for final trial, it was submitted to the judge without a jury, upon the facts as set forth in his opinion rendered in granting the temporary injunction, and upon an amendment made by the railroad company setting up that its purpose and intention was to so construct the "Y" that it should be no obstruction to the passage of persons, vehicles and property across Plant avenue, and that it was not its purpose to block up the avenue with cars, but solely to furnish a connection for the passage of cars and engines, running the same from its yard to the main line of the S., F. & W. railway; and upon the admission that the public actually has a right of crossing the company's track at Plant avenue, "by an acquiescence in such crossing and use which amounts in law to a dedication of such use as a street across the railroad." The material facts, being set forth in the report in 88 *Ga.* 69, need not be repeated here. The injunction was made permanent, and the company excepted.

A vital element of dedication is the intent, the *animus dedicandi;* and where the dedication results from mere use and acquiescence, it is not to be inferred that the donor parted with more than such use necessitates. He may continue afterwards to use the property for any purpose not inconsistent with the use to which it is dedicated. Washburn, Easements, *137. Here there was a qualified dedication of an easement to cross the track and right of way of the railroad company. It was qualified by the right of the company to continue the use of its right of way for the passage of its locomotives and cars. Did the dedication restrict this use to their passage on the one track then existing, or did the right continue as to the whole of the right of way owned by the company at that time, and which extended one

hundred feet from the center of the track on each side? It is not denied that up to the time of the dedication, the company had the right to construct within this space as many additional tracks as its business might require. The right to build side-tracks and switches was incident to the use then existing. Before the company can be held to have abandoned this right and to have excluded itself from the right of way except the part covered by the existing track, the intent must have been manifested clearly and unequivocally; and certainly no such intent is established by mere acquiescence in the use of the street by the public, if that use is not necessarily inconsistent with the extension of the railroad use. It is plain that these uses are not necessarily inconsistent. The exercise of the railroad use upon two tracks is not less consistent with the character of the *locus in quo* as a street than its exercise upon one. The public after the extension, can continue as before to use the street at that point, and the public authorities can continue their control over it, and in the exercise of the police power can so regulate the manner of constructing and using the track as to reduce the danger and inconvenience to the public to the least degree practicable where such a use exists. They may require the railroad company to provide safe crossings, to give warning of the approach of its locomotives and cars, and to reduce the speed within prescribed limits while crossing the street; and may prevent it from obstructing the street with standing cars beyond a reasonable time. In the case of City of Noblesville *v.* Railroad Co., 130 Ind. 1, in which the city sought to prevent the railroad company from laying an additional track in a street which had been dedicated to the public subject to the right of the railroad company to build and operate its road therein, it was held that the company had not lost its right to lay the additional track, although more than twenty years

had elapsed since the main track was laid; and it was said by Elliott, C. J., whose text-book on Roads and Streets is a leading authority on the subject: "The occupancy of a highway by a railroad does not destroy its character. It remains a highway notwithstanding its use by the railroad company. . . . The control of the highway is not taken from the municipality, for it may still exercise the police power over it. The only limitation is that which grows out of the right to use it for railroad purposes. Use of a highway for a railroad is a public use, and is not necessarily destructive of the character of the public way. The authorities which deny the right to annex a condition to a dedication incompatible with its character and use, are not of controlling force when the annexed condition is that a railroad company may also use the highway."

As, therefore, the public and the railroad company could occupy jointly for their respective uses the whole of the right of way as well as the part covered by the existing track, the occupancy by the public is not to be treated as excluding that of the railroad company from any part of the premises. In this case there was no showing that the side-track was unnecessary or that it was being constructed in such manner as to interfere to an unreasonable degree with the use of the street by the public, and the injunction was not based upon that ground. The court, in making the injunction permanent, held that the dedication precluded any further railroad use of the street outside of the track in use at the time of the dedication. This we think was error.

The case of City of Cohoes v. Delaware, etc. Canal Co., 134 N. Y. 397, relied upon by counsel for the defendant in error, is distinguishable from the present case, and the views announced by the court in that case do not conflict with our holding in this.

*Judgment reversed.*