## Chicago & Alton R. R. Co. v. Thomas D. Hogan.

1. Conveyances—*How Construed.*—Deeds are construed most favorably to the grantee.

2. Same—*What the Consideration is Presumed to Include.*—Where land is conveyed to a railroad company, the consideration is presumed to include not only the value of the land actually conveyed, but also

compensation for all damages that might arise to the grantor's adjoining lands from the use of the premises conveyed in operating the grantee's railroad with a single or a double track. The original grantor could not maintain an action for damages occasioned by the laying of the second track, were he still the owner of the adjoining lands, nor can his remote grantee, who holds title under the same conditions.

3. CONDEMNATION— *Extension of Street Across Railroad — What Rights the City Acquires.*—In a proceeding by a city against a railroad company to condemn a part of its right of way for the extension of a public street across it, the city can acquire only a joint right with the railroad company to the use of the land condemned. The use by the public will be subject and subordinate to the right of the railway company to use it for the purposes embraced within its charter. By the judgment of condemnation the city and public will acquire only a mere easement to cross and pass over the right of way and tracks. The railway company will not therefore be deprived of its right to lay additional tracks. It may lay as many additional tracks upon its right of way as its increase of business may require, and the only duty resting upon it is to keep that portion occupied by the street free and open to the use of the public as a street.

4. DEDICATION—*Of a Public Street Across a Railroad Right of Way —What Rights Public Takes.*—Where there is a dedication of a public street across a railroad right of way the public takes subordinate to the rights of the railroad company.

**Trespass on the Case.**—Damages by laying of second track on railroad right of way. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the May term, 1902. Reversed. Opinion filed November 24, 1902.

Appellee brought this suit to recover damages against appellant for laying down a railroad track along its right of way across Fourth street in the city of Springfield, in front of appellee's property, whereby the ingress to and egress from it was impaired. To the declaration the general issue was filed and the cause was submitted to the court without a jury upon an agreed state of facts, together with evidence as to the amount of damages suffered by appellee. The stipulation of facts is in substance as follows:

The Alton and Sangamon Railroad Company, of which corporation the appellant is the successor in title and interest, was incorporated by act of the legislature in 1847, and was authorized to acquire the fee simple title to a right of way wide enough for a single or double track.

Pursuant to this authority a strip sixty feet wide was acquired through a tract then owned by one Lewis Kirsch by grant from Kirsch, describing the strip as "all that part of the above described tract of land that lies within thirty feet of the center of said railway as said center line runs through or over the above described premises, said strip containing one and two-tenths acres, more or less."

After the grant from Kirsch and the laying down of a single track on the strip, the original tract was subdivided and by a series of mesne conveyances the appellee acquired title to a portion of the original tract owned by Kirsch by a deed from the master in chancery of Sangamon county, dated March 2, 1897, which deed conveys lands described as follows :

" Part of the northwest quarter of section twenty-seven, township sixteen north, range five, west of the 3rd P. M., in the county of Sangamon, in the State of Illinois, bounded as follows :

Beginning at a point on the west line of Fifth street in the city of Springfield, Illinois, 1,091.37 feet north from the south line of said quarter section, and running thence west 160 feet, thence south 47 feet, thence west 160 feet to the east line of Fourth street, thence north with the east line of Fourth street to the right of way of the Chicago and Alton Railroad, thence northeasterly with said right of way to the south line of lands sold by Henry M. Lewis and wife to Henry Thoma, said land being 1,131.37 feet from the south line of said quarter section, thence east with said Thoma's line to the west line of Fifth street, and thence south fifty feet to the place of beginning."

The right of way of appellant, by which the conveyed premises are partially bounded, runs in a northeasterly and southwesterly direction. Fourth street, which is mentioned in the deed as the western boundary of the tract, runs north and south and across the right of way of appellant at an angle of approximately twenty degrees. Fourth street was never regularly laid out, but was extended across the right of way about 1869, and has been open for travel across such right of way since that time. Appellant has never received any compensation for the portion of its right of

way across which Fourth street extends, either by itself or its predecessors, nor did it or its predecessors ever join in an express grant or plat thereof for highway purposes.

In May, 1901, appellant laid down an additional main or second track on the said right of way, about ten feet west of the easterly right of way line, which is the northwesterly line of appellee's premises.

The court found for appellee and assessed his damages at $380, and after overruling a motion for a new trial, rendered judgment against appellant for that sum and costs.

Patton, Hamilton & Patton, attorneys for appellant; William Brown, of counsel.

McGuire & Salzenstein, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

The main contention of appellee is that he is entitled to recover for any damage to his property occasioned by the laying of the additional track, regardless of the fact that appellant acquired title to the ground by deed from Kirsch and wife, for the reason that the additional track was laid at a place which had become, since the delivery of the Kirsch deed, a public street in the city of Springfield.

Incidentally, it is argued that even if the street had never been opened, appellee, under the terms of the Kirsch deed, would not be precluded from recovering for damages occasioned to his property by the laying of the additional track, but in our view that point is not worthy of any very extended discussion in this opinion. True, the deed does not, in express terms, state that the conveyance was for railroad purposes, but it was made to a corporation authorized by its charter to acquire land on which to construct a single or double track railroad; it conveys a long narrow strip of land, and when construed in the light of the circumstances surrounding its execution it is clearly manifest that the purpose of the grant was to enable the grantee to construct tracks and operate a railroad over the land. If it were a case of doubt or ambiguity a familiar

canon of construction would require the deed to be construed most favorably to the grantee. Alton v. Ill. Trans. Co., 12 Ill. 38; Price v. McConnell, 27 Ill. 255; Cottingham v. Parr, 93 Ill. 233; Sharp v. Thompson, 100 Ill. 447. Kirsch is conclusively presumed to have received in the consideration paid him, all the damages to the land adjoining the strip, past, present and future. The consideration is presumed to include not only the value of the land actually conveyed, but also compensation for all damages that might arise to his adjoining lands from the use of the premises conveyed in operating the grantee's railroad with a single or a double track. Kirsch, therefore, could not maintain an action for damages occasioned by the laying of the second track, were he still the owner of the adjoining lands, nor can this remote grantee, who holds title under the same conditions. C. R. I. & P. Ry. Co. v. Smith, 111 Ill. 365. It follows, then, that the judgment must be sustained, if at all, upon the theory that appellee acquired a right to use appellant's right of way by reason of Fourth street being laid out across it by the city of Springfield. Upon this line of contention appellee assumes that he is entitled to damages on account of the facilities for ingress and egress being diminished by the laying down of the second track, because a public street has become established across the right of way. In other words, the proposition is that an abutting property owner who has no right of action on account of the laying down of the additional track prior to the opening of the street across the right of way, becomes invested with a new right by the opening of such street.

As a matter of fact no condemnation proceeding was ever instituted against appellant for the extension of Fourth street by the city over the right of way; no compensation has ever been paid therefor, and, so far as the record shows, appellant has never joined in any grant or plat of Fourth street. Inasmuch, however, as appellant has without objection permitted the use of the strip as a street since 1869, we shall consider appellee's right as

though a judgment of condemnation had been regularly rendered.

In a proceeding by a city against a railway company to condemn a part of its right of way for the extension of a public street across it, the city can acquire only a joint right with the railway company to the use of the land condemned. The use by the public will be subject and subordinate to the right of the railway company to use it for the purposes embraced within its charter. By the judgment of condemnation the city and public will acquire only a mere easement to cross and pass over the right of way and tracks. The railway company will not, therefore, be deprived of its right to lay additional tracks. It may lay as many additional tracks upon its right of way as its increase of business may require, and the only duty resting upon it is to keep that portion occupied by the street free and open to the use of the public as a street. I. C. R. R. Co. v. Chicago, 138 Ill. 453; I. C. R. R. Co. v. Chicago, 141 Ill. 586; C. B. & Q. R. R. Co. v. Chicago, 149 Ill. 457; Harris v. Chicago, 162 Ill. 288.

As before remarked, Kirsch is presumed to have received compensation for injury to his adjoining lands resulting from the use of the right of way conveyed for railroad purposes, no matter what the subsequent situation of the lands remaining in his possession might become. The extension of the street through the lands and over the right of way as well as any other change in condition must be presumed to have been in contemplation when the deed was made. It can not be held that his grant excepted damages that might arise from the subsequent establishment of a street and the laying of additional tracks any more than it did any other damages. Having bartered away his right to damages growing out of the use of the right of way for railway purposes he can not be re-invested with such a right by the acquisition of an easement by the public to travel over the right of way. Appellee stands in the place of Kirsch and can not be heard to complain of an act authorized by Kirsch's deed. He bought the property

burdened with the conditions and the inconveniences which the legitimate operation of a railroad by the side of it might bring. The right of easement, whether acquired by condemnation or permissive use, he may enjoy, but that is a right common to all the public. He must bear the inconvenience which the placing of additional tracks across the street will bring in common with the public. Appellant owes him no higher duty than it owes to the public, namely, to keep that portion of its right of way occupied by the street free and open for use.

Appellee's lots are vacant and unoccupied and have been ever since the original track was laid in 1851. He has not been induced to spend money in the erection of buildings or to use the right of way in going to and from them, by the non-user of the part lying between appellee's property and the old track. There is, therefore, no element of estoppel that can arise. Nor can appellant be regarded as having abandoned that portion of its right of way. True, the right to lay the additional track was not availed of for many years, but the right, having been acquired by the deed from Kirsch and the charter from the legislature, could be exercised at any time when, in the judgment of appellant, the business of the railroad required it. A mere non-user could not constitute an abandonment.

Upon the contention of dedication we do not care to speak further than to say that if the permissive use of the sixty feet occupied by Fourth street be construed as evidence of a dedication it was a dedication to which conditions were annexed, namely, that the public should have an easement of the passage subject to the paramount right of the railroad company to construct additional tracks or do any other act embraced within the terms of its charter. When there is a dedication of a public street across a railroad right of way, the public takes subordinate to the rights of the railroad company. B. & W. Ry. Co. v. Waycross, 91 Ga. 573; Ayres v. Pa. Ry. Co., 48 N. J. Law, 44; Noblesville v. L. E. & W. Ry. Co., 130 Ind. 1.

Entertaining the view that appellee is entitled to no dam-

ages whatever, the judgment will be reversed and the cause not remanded.

**Finding of Facts.**—We find that appellant had complete right to lay the additional railroad track complained of, on its right of way, and that appellee has no lawful claim for damages to his property by reason of the laying of such additional track, or the operation of engines and trains over it.