THE CITY OF CHICAGO

*v.*

CHARLEY E. HOGBERG *et al.*

*Opinion filed October 24, 1905.*

1. PLATS—*rules for construing deeds apply when construing plats.* Any conflict appearing on a plat and all doubts as to the meaning thereof are to be construed, as in deeds, most strongly against the dedicator and most favorably to his grantees.

2. SAME—*plat construed.* Dotted lines shown upon a plat as continuations of the lot lines, crossing a space at the rear of the lots marked "Private Alley," indicate that the spaces between the dotted lines were intended to pass to the purchasers of the corresponding lots subject to an easement of use in favor of the other lot owners, and not as indicating that the dedicator intended to reserve the fee of the strip to herself.

3. SAME—*effect of mutual abrogation of easement in alley.* If all the owners of lots who have an easement for a private alley in a strip off the rear of such lots mutually agree to abandon the alley and enclose the same with their lots, the easement is abrogated and each lot owner becomes seized of the absolute title to his entire lot, including the portion of the alley enclosed, there being nothing in the deeds, nor in the plat itself, to indicate that the title to the alley was not to pass with the lots, subject only to the private easement.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

MICHAEL F. SULLIVAN, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellant.

SAMUEL B. WRINGER, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellees filed their bill in chancery in the circuit court of Cook county for a decree canceling certain alleged clouds on the title of the appellees, respectively, to seven lots in the city of Chicago, shown on a plat hereinafter set out. On the 24th day of March, 1898, Irene Poorbaugh, who was

then the owner of a certain tract of land composed of adjoining parts of lots in the city of Chicago, re-subdivided and platted the tract, as shown on the following plat:

76 TH PLACE

| 27.0 | " | " | " | " | 27.0 | 38.0 |
|------|---|---|---|---|------|------|

100.0 | 90.0 1 | 2 | 3 | 4 | 5 | 6 | 7 | 90.0 100.0 COLES AVE.

| 27.0 | " | " | " | " | 27.0 | 38.0 |

10.0 10 | PRIVATE | ALLEY | 10.0

She subsequently sold all of the lots to different purchasers, describing each lot according to the number given it on the plat, making no reference in any of the deeds to the ten-foot strip marked "private alley," as shown on the plat.

The contention of the appellant city is, that the respective owners of the various lots acquired title in fee to a lot ninety feet in length and only an implied easement in the strip designated "private alley" on the plat, based upon the representations of the plat, and that the fee in the strip remained in said Irene Poorbaugh, the dedicator; that the purchasers of the lots, by an express agreement between themselves and by their acts, demonstrated, and intended by their acts to demonstrate, their desire and intention to abandon the easement entirely and appropriate the strip marked "private alley" to the exclusive individual use of the lot owners, respectively, each taking so much thereof as abutted on his or her lot; that the effect of the abandonment of the easement was to relieve the estate in fee in the strip which, as the city claims, rested in the dedicator, from the burden of the easement, whereupon the title in fee simple absolute rested in the dedicator, Irene Poorbaugh, and that she, together with

her husband, after the abandonment of the easement conveyed the strip of land to one Celia A. York, who caused the same to be platted as a public alley and dedicated the same to the appellant city, and the dedication was accepted. The city, on this theory of the construction of the plat, claims to be the owner of the fee in the strip in trust for the use of the public.

The position of the appellees is, that the respective conveyances made by Irene Poorbaugh of the different lots invested the grantees in such deeds with title in fee to a lot one hundred feet in length, subject, as to ten feet of the length thereof, to the easement of a private right of way or alley as laid off by the dedicator for the benefit of the owners of each of the other lots, respectively; that such easement was only for the enjoyment and benefit of the owners of the lots shown on the plat, and that it was their right and privilege to mutually abandon and abrogate the same; that they did so, by mutual consent and agreement, abrogate the easement, and that thereupon each lot owner became the owner in fee simple of the whole of his or her lot, being of the length of one hundred feet, and that the conveyance executed by Irene Carpenter, (*nee* Poorbaugh,) purporting to convey the ten-foot strip to Celia A. York, and the execution by said Celia A. York of the plat of the said ten-foot strip and dedicating it to the appellant city as a public alley, constituted clouds on the title of the appellees as the owners, respectively, of the said ten-foot strip. The chancellor, on a hearing, sustained the contention of the appellees, and the city has prosecuted this appeal.

We think the conclusion reached by the chancellor correct. The dedicator owned parts of adjoining tracts or lots of land comprising a connected body two hundred feet in width on Seventy-sixth place and one hundred feet in depth on Coles avenue. She caused the entire body of land to be platted. Whether the proper construction of the plat is that the lots were platted ninety feet in length and the dedicator

provided for the use of the owners of the lots a way over the remainder of the lands owned by her of the width of ten feet, the title to which she reserved, or whether the plat should be construed to show lots one hundred feet in length, with the easement of a private way over the rear ten feet of each lot, is the question to be determined. In construing the plat, the rule applicable in construing deeds applies, and any conflict appearing on the plat, and all doubts as to the meaning thereof, are to be construed most strongly against the dedicator and most favorably to her grantees. (*Ely* v. *Brown,* 183 Ill. 575.) In Elliott on Roads and Streets (sec. 119) the author says that in construing maps and plats it is a safe general rule to resolve doubts against the donor, within reasonable limits.

The curved dotted line at the street corner of lot No. 7, and a like curved dotted line extending outward from the outermost corner of the strip marked "private alley," at the bottom of the plat, and the figures "100" between the points of these two curved lines, and like curved dotted lines and the figures "100" between them at the other side of the plat, demonstrate that the entire one hundred feet is included in the plat, and indicate quite strongly that the lots were to be of the length of one hundred feet. The numbers of the lots are placed in a space surrounded by continuous lines ninety feet in length and twenty-seven feet in breadth, except lot 7, which is thirty-eight feet in breadth, but at the end of each of the continuous dividing lines we find a dotted line extending from the continuous lines across the space marked "private alley." The outer boundary lines of lots 1 and 7, at the easterly and westerly margins of the plat, are continued by dotted lines across the respective ends of the strip. Had the dedicator intended to limit the length of the lots to ninety feet and to reserve to herself the fee in the ten-foot strip, burdened with the easement of the private alley, the dotted lines across the strip marked "private alley" and dividing that strip into as many different parts as there were lots shown

on the plat and of the same width as the lots, would not, it seems to us, have been marked on the plat. The dotted lines are, as we think the plat is to be understood, continuations of the lot lines, and indicate that the owner of each lot, respectively, has some individual interest in the portion included within the dotted lines of his lot as extended across the alley. They were not intended to indicate that the respective lot owners were entitled to the exclusive right of possession of that portion of the private alley between the dotted lines, for the alley, throughout its whole length and breadth, was clearly intended for the equal use of all of the lot owners. Yet the dotted lines were placed on the plat for some purpose and must be given some meaning. We entertain the view the dedicator intended by the use of the continuous lines to indicate those portions of the respective lots in which the lot owners had full and complete ownership, and employed the dotted lines extending across the alley to indicate that in that portion of the lot included within the dotted lines the lot owner had not the full interest, but his or her ownership was subject to the easement vested in each owner of other lots shown on the plat to use the same as a private alley. This view is strengthened by the consideration that it would be highly unreasonable to suppose that the dedicator intended to retain the ownership in fee of the narrow strip extending along the rear of these lots. The dedicator did not, in any of the deeds made by her to the purchasers of the lots, indicate that she reserved any interest in any part of the platted premises, and there is nothing on the plat to indicate any such reservation, but, on the contrary, we think the plat, on its face, as we have before stated, shows that the lots were each of the length of one hundred feet subject to the easement of the private alley of the width of ten feet extending across the rear end of each lot. The easement having been legally discontinued and abrogated, each lot owner became seized of the absolute title to the whole of his or her lot. The deed executed by Mrs. Carpenter to Mrs. York conveyed no title,

and the plat executed by Mrs. York had no legal effect because Mrs. York had no title in the premises proposed to be platted, and both instruments were but clouds on the title of the appellees.

The decree is therefore affirmed.    *Decree affirmed.*