ALBERT G. HULETT et al.,

*v.*

THE BOROUGH OF SEA GIRT.

[Decided May 18th, 1931.]

*Messrs. Quinn, Parsons & Doremus,* for the appellants.

*Mr. James D. Carton,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.

The present appellants, who were the complainants below, are owners of tracts of land located in the borough of Sea Girl, abutting on the westerly side of Ocean avenue, a public highway, which runs alongside of and parallel to the ocean. This highway is approximately one hundred feet in width. The borough, in the year 1929, passed an ordinance authorizing the construction of a sixteen-foot boardwalk on the easterly side of the avenue and some eight or ten feet above the level of that side thereof, with ramp approaches to the same at each intersecting street, and with steps from its easterly side down to the strand at various points along its entire length. The present suit was instituted to restrain the borough from erecting this boardwalk, upon the ground that the construction thereof, with its appurtenances, would illegally interfere with the complainants' right of free passage over Ocean avenue from their respective properties to the water-line of the ocean; and, further, that it would illegally obstruct their view toward the east. The hearing in the court of chancery resulted in a dismissal of the bill of complaint, that court reaching the conclusion that there were no private rights of the complainants as property owners which would be violated by the construction of the boardwalk. The present appeal is based upon the contention that the determination of the vice-chancellor, that no private rights vested in them would be violated by the construction of the boardwalk, was contrary to law.

In our opinion, the bill of complaint was properly dismissed. The fact that the erection of this elevated sidewalk will interfere to some extent with the free passage of the complainants from their respective homes to the water's edge, and the further fact that it will also interfere to some extent

with their view toward the east, affords no ground for the relief sought. It is not denied that the proposed construction will be for the benefit of the public at large, affording people a much easier means of walking along the east side of the avenue. This being so, it is manifest that the borough in passing the ordinance was legally exercising a power conferred upon it by the legislature. The present case presents a situation similar to that which existed in *H. F. Sommer & Co.* v. *State Highway Commission, 106 N. J. Law 26.* In that case the state highway commission appropriated a part of London street, in the city of Newark, for use as a section of a state highway, and proposed, for the purpose of adapting it to such use, to raise the grade thereof some twenty-odd feet higher than its former level and to support a 'part of the elevation by a retaining wall and to construct the remainder upon a concrete viaduct resting on columns. The nearest face of this proposed structure was about three feet from the outside wall of Sommer & Company's factory, and substantially destroyed access to the factory on the London street front, compelling the owners and customers who desired to go to and from the same to use another street for that purpose. Sommer & Company challenged the power of the state highway commission to make this alteration in the grade of the street, claiming that it was a partial destruction of their property, for which they were entitled to compensation. The supreme court held that this substantial change of grade in the highway, with its incidental features of interference with former advantages of light, air and access enjoyed at the old grade, was not a taking of property in the legal sense; and that, this being so, it did not constitute a legal injury. This same principle led the supreme court, in the case of *Burns Holding Corp.* v. *State Highway Commission, 8 N. J. Mis. R. 452; 150 Atl. Rep. 768,* to refuse relief to the landowner where a similar situation existed, and the judgment entered in that case was affirmed by this court at the present term. The applicability of these decisions to the case now under consideration is plain, for what the appellants base their claim of relief upon is that a municipal agency, in which the con-

trol over public streets is vested, has no right to change the grade of any part of the street, if such change interferes with former advantages of light, air and access enjoyed at the old grade thereof.

For the reason indicated, the decree under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.