## MINTON et al. v. SMITH.

No. 11846—Opinion Filed May 27, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

**1. Dedication — Intention of Owner—Filing Plats.**

Where a party files a plat of certain lots, blocks, streets, and alleys, the intention of the owner in making the plat is to be ascertained from all the marks and lines appearing thereon, and if possible such an interpretation should be followed as will give effect to all the lines and statements.

**2. Same—Ascertainment of Intention.**

The question whether an owner intended to dedicate his land is one of fact, but in determining the question, the intention to

which the court looks is not one hidden in the mind of owner, but one manifested by his act.

**3. Same—Dedication by Survey and Plat Alone.**

A dedication may be made by a survey and plat alone, without any declaration, either oral or on the plat, when it is evident from the face of the plat that it was the intention of the proprietor to set apart certain grounds for the use of the public.

**4. Same—Ambiguity of Plat—Explanation.**

When the evidence produced to show the dedication by a map or plat and the statements thereon are ambiguous or doubtful as to the extent of the dedication intended, recourse may be had to the contemporaneous and subsequent acts of the parties to show their intention in, and the construction put by them on the dedication.

**5. Same.**

Record examined, and held, that the plat, according to the lines and statements thereon, is ambiguous.

Error from District Court, Osage County; Preston A. Shinn, Judge.

Action by T. E. Smith against L. E. Minton and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Burford, Miley, Hoffman & Burford and Holcomb, Sands & Lohmann, for plaintiffs in error.

L. P. Mosier, for defendant in error.

McNEILL, J. This action was commenced in the district court of Osage county by T. E. Smith to enjoin L. E. Minton and James Milliken from obstructing a tract of land reserved or dedicated for a street. The petition alleges the plaintiff is the owner of certain lots in Palmer Highland addition to the city of Pawhuska, bounded on the east by Bigheart avenue and on the north by North Boundary Reserve No. 2, which has been used and treated as a street, and was so marked and designated on the plat. It was alleged the defendants were attempting to close said street and were threatening to erect a building on said reserve directly north of and adjoining the premises of plaintiff. The defendants filed an answer consisting of general denial, and alleged plaintiff was estopped to deny the title of defendants, and estopped from claiming that the strip of ground constituted a street. The plaintiff introduced in evidence the plat, which discloses that Palmer Highland addition was a tract of land, approximately one-half mile in length from east to west, and four blocks wide from north to south, and divided into 44 blocks, with streets running

east and west and avenues running north and south. The plat disclosed that across the north side of the addition is a strip of ground extending from the west line of the addition east to Grand avenue 30 feet wide. A line is drawn around this strip, except at A avenue and B avenue, where those streets connect with the reserve, where there is a break in the lines and nothing to disconnect these two avenues from the reserve. This strip is marked "North Boundary Reserve No. 2." From Grand avenue east for two blocks is a similar strip of land 30 feet wide, but there is no line that separates the strip from Leahy avenue, but disclosed that Leahy's avenue connects with Boundary Reserve No. 1.

The plaintiff owns lots 1 and 2 in block 6, according to the plat. These lots face on A avenue, while the pleadings state they face on B avenue. It would be immaterial whether they face upon A avenue or B avenue, as there is no disconnected line at the end of either avenue. According to the plat, a person could drive up A avenue to the reserve and west on the reserve to B avenue and then back on B avenue. The defendant offered evidence that it was not intended by the person filing the plat that as to Boundary Reserve No. 2, to dedicate the reserve to the public as a street, and also evidence that the reserve was not suitable for a street. Upon the question of what was the intention of the person platting the street, an objection was interposed to that evidence, for the reason it was incompetent, irrelevant, and immaterial, and tended to vary the terms of the plat. The court stated he thought the objection was good, but permitted the evidence to be introduced. The court rendered judgment in favor of plaintiff and against the defendants. From said judgment, the defendants have appealed.

The defendants, for reversal, in this court contend that the plat is unambiguous and the plat discloses the land is reserved, and by giving the full force and effect to the word "reserve," the same was not dedicated as a street. The plaintiff contends that the plat is plain and unambiguous, and the plat, in so far as it related to the reserve adjoining the plaintiff's land, as it connects with Avenue "A" and Avenue "B," the same is a dedication of the same as a street. In construing plats, the rule is announced in 9 Am. & Eng. Enc. of Law, 60, as follows:

"The intention of the owner in making the plat is to be ascertained from all the marks and lines appearing thereon, and if possible such interpretation should be followed as will give effect to all lines and statement."

In the case of Ft. Smith & Van Buren

Bridge Dist. v. Scott (Ark.) 163 S. W. 1137, it is stated:

"The question whether an owner intended to dedicate his land is one of fact, but, in determining the question, the intention to which the court looks is not one hidden in the mind of the owner, but one manifested by his acts."

In the case of Godfrey v. City of Alton (Ill.) 52 Am. Dec. 476, it is stated:

"A dedication may be made by a survey and plat alone, without any declaration, either oral or on the plat, when it is evident from the face of the plat, that it was the intention of the proprietor to set apart certain grounds for the use of the public."

In the case of Revard v. Hunt, 29 Okla. 835; 119 Pac. 589, this court stated as follows:

"When lots are sold with reference to a recorded plat, a dedication of the streets and alleys as laid out in such plat is deemed perfect without any affirmative official or other action on the part of the municipality or public."

In the case of City of Shreveport v. Drouin, 6 South. 656, the Supreme Court of Louisiana said:

"When the evidence produced to show the dedication of a map or plat and the statements thereon are ambiguous or doubtful as to the extent of the dedication intended, recourse may be had to the contemporaneous and subsequent acts of the parties to show their intention in, and the construction put by them on, the dedication."

See, also, City of Eugene v. Lowell (Ore.) 143 Pac. 903; Gilbert v. Emerson (Minn.) 61 N. W. 821; City of Buffalo v. Erie Ry. Co., 144 N. Y. Supp. 578.

The defendants in the court below by their pleadings and evidence presented the case upon the theory that the plat was ambiguous, and offered evidence for the purpose of aiding the court in construing the plat. In our judgment the plat is ambiguous; the designation of the strip as "Boundary Reserve No. 2" and the break in the line extending around the reserve at A and B avenues makes the construction of the plat not clear and free from doubt. If the strip of land had been disconnected from A avenue to B avenue by a line, and the strip of land marked Reserve No. 2 had been totally surrounded by a line, then it might be said it was not ambiguous, unless it could be said it was reserved for a street when the property to the north was platted; but when the court must give force and effect to the line and statements both, and they are inconsistent, then the same becomes ambiguous. It is evident from the record that the trial court held that the plat was unambiguous and held the reserve had been dedicated to the public as part of the street, and enjoined the defendants from interfering therewith. The question of whether this particular tract of land was dedicated as a public street is a question of fact to be determined from the plat, and the court should take into consideration the contemporaneous and subsequent acts of the parties in platting said land, and the representations made by them, and the use said strip has been put to might be material.

For the reasons stated, the judgment of the trial court is reversed and remanded, with directions to grant the plaintiffs in error a new trial.

NICHOLSON, HARRISON, WARREN, and GORDON, JJ., concur.