## MILLIKEN et al. v. SMITH.

No. 17014—Opinion Filed Oct. 26, 1926.

Rehearing Denied Dec. 14, 1926.

**1. Boundaries—Plat of Lots, Blocks, Streets, and Alleys—Interpretation.**

Where a party files a plat of certain lots, blocks, streets, and alleys, the intention of the owner in making the plat is to be ascertained from all the marks and lines appearing thereon, and, if possible, such an interpretation should be followed as will give effect to all the lines and statements.

**2. Evidence — Parol Evidence to Explain Unambiguous Plat.**

Parol testimony is inadmissible to explain or modify an unambiguous plat.

**3. Appeal and Error—Change of Theory of Case After Trial.**

A party to an action, having presented his case or defense to the trial court upon a certain and definite theory, is bound thereby throughout the subsequent stages of said cause.

**4. Injunction—Adequate Remedy at Law—Fraud in Sale of Real Estate.**

The remedy for misrepresentation in the sale of real estate is by action to rescind

or by suit for damages and not by injunction, the remedy being adequate at law.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by T. E. Smith against James Milliken and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with directions.

Burford, Miley, Hoffman & Burford, for plaintiffs in error.

Lewis P. Mosier, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, T. E. Smith, plaintiff below. alleges in his petition that he is the owner of lots 1 and 2, block 6, Palmer Highland addition to the city of Pawhuska, and has his dwelling and residence thereon; that said lots are bounded on the east by Bigneart avenue, and on the north by north boundary reserve No. 2, making his lots on the corner with streets on the east and north; that plaintiff has lived on said premises for many years, and during all the time the said north boundary reserve, No. 2 has been used, treated, and considered one of the street reserves of said addition, and is so marked and platted; that at the time of the purchase of these said lots this plaintiff was informed by the defendant Minton, that they were corner lots, and that said north boundary reserve No. 2 was a public highway, and reserved and dedicated for that purpose; that said statements were made to this plaintiff as an inducement to get him to purchase said lots; that notwithstanding the fact that said north boundary reserve No. 2 is one of the public highways of said addition, and that the same is so marked and designated on the plat of said addition now on file in the office of the county clerk of said county, said defendant James Milliken is now about to construct a building on said reserve directly to the north of and adjoining the premises of this plaintiff to his great damage; that said James Milliken claims to be acting through some right given him by said defendant Minton, and that said Minton claims to be the owner of said reserve; that as abutting property owner this plaintiff is the owner of a reservation in the entire width of said reserve, and for the entire length of his said lots.

Plaintiff prays that he may have judgment forever enjoining the defendants from using or attempting to use any part of said north boundary reserve No. 2 inconsistent with its use as a public highway. The defendants in their answer deny all of the allegations in the plaintiff's petition, and for further answer and defense, allege that the land described in the plaintiff's petition was never dedicated to the city of Pawhuska, or the public, for public use as a street, and, further, that the plaintiff is estopped to deny the title of the defendants, or to claim that said real estate constitutes a street or public highway. The case was tried before the court, and at the close of plaintiff's evidence the defendants demurred thereto, which demurrer was overruled.

At the close of all the evidence the court made the following findings of fact: First, that the strip of land designated upon the plat of Palmer Highland addition to the city of Pawhuska, Okla., as north boundary reserve No. 2, has never been dedicated as a public street or highway, to which finding the plaintiff excepted: second, the court further finds that the said plat is unambiguous, and finds from the face of said plat that the said tract of land, designated as north boundary reserve No. 2, was reserved by the grantors to themselves at the time of the dedication of said plat with the intention at sometime in the future, if an addition should be platted to the north of said land, of dedicating the said strip of land to the public as a part of the public street; to which finding the plaintiff excepted; third, the court further finds that at the time of the sale of lots adjoining and abutting on said strip, the proprietors of said addition represented to said purchaser that said strip was reserved for the purpose of making a street when property to the north thereof should be platted, to which finding the defendants excepted.

Judgment was rendered in favor of the plaintiff, T. E. Smith, granting a permanent injunction against the defendants James Milliken and L. E. Minton, forbidding them from obstructing, molesting, or in any manner exercising or attempting to exercise any authority or control over a certain described part of Palmer Highland addition to the city of Pawhuska.

Defendants' motion for a new trial was overruled, exception reserved, and the cause comes regularly on appeal by the defendants to this court by petition in error and case-made attached. The first proposition submitted and discussed by counsel for defendants in their brief is, that the judgment of the trial court is not supported by the pleadings, the law, or the evidence. The first important question in this case is, whether the recorded plat of Palmer Highland addition, a copy of which was introduced in evi-

dence by the plaintiff and incorporated in the record before us, shows upon its face that the strip of land lying north of and adjoining the plaintiff's lots, was a public street, or whether the spaces marked on said plat "north boundary reserve No. 1" and "north boundary reserve No. 2," were not streets nor a part of the land dedicated in the plat, but constitute a trip of land owned by the dedicators which was reserved to themselves and reserved from the plat for the exclusive benefit of the dedicators.

An examination of the plat admitted in evidence, and which it appears was recorded before title passed to plaintiff's predecessor in title, shows a strip 11 blocks long and 30 feet wide, lying immediately north of the said addition. Along the north of the two easterly blocks is a curving street called Broadway, into which runs Lynn avenue and Revard avenue, running north and south. North of the next two blocks to the west, there is a space upon the plat inclosed in solid lines marked "north boundary reserve No. 1." No street opens into the reserve. All are shut off therefrom by solid lines. Immediately to the west of north boundary reserve No. 1, Grandview avenue runs through to the north boundary of the plat. Beginning at the west side of the seven westerly blocks of the addition, and across each of the intervening streets, is a tract of land inclosed by solid lines marked "north boundary reserve No. 2." No street opens into this reserve, all of the abutting streets being shut off by solid lines.

The trial court found that the strip of land designated upon the plat as "north boundary reserve No. 2," has never been dedicated as a public street, and is not a public street nor highway, and further found that the said plat is unambiguous. That the plat in question is not ambiguous and shows upon its face that "north boundary reserve No. 2" has never been dedicated as a public street, and is not a public street nor highway, is amply supported by a mere inspection of the official plat. But the further finding of the trial court, that "the face of the plat" shows that this strip of land was reserved for a street when an addition to the north should be platted, finds no support whatever in the evidence.

Where a party files a plat of certain lots, blocks, streets and alleys, the intention of the owner in making the plat is to be ascertained from all the marks and lines appearing thereon and if possible such an interpretation should be followed as will give effect to all the lines and statements. 9 Am. & Eng. Enc. Law, 60.

It is the theory of the plaintiff on the trial of the cause, and it appears to be the theory here, that the plat in question is ambiguous, and testimony was introduced by the plaintiff over the objection of defendants, by which it was attempted to prove that the defendant Minton, one of the owners of the addition, had assured the plaintiff that the lots owned by him were corner lots, and that the strip of land adjoining the said lots was left there for a street. Other witnesses on behalf of the plaintiff testified to the same effect.

Plaintiff's proof disclosed that he did not buy his lots from any of the defendants, but that he bought them from his son, Erle Smith. He did not show that any representations were made to him prior to his purchase, so that it could not be said that he purchased by reason of these representations. The plaintiff testified that defendant Minton told him the reserve was left there for a street, and he could have the use of it until it was opened up; but when this statement was made does not appear, and the defendant Minton denied making it at any time.

If the plat in question was ambiguous, contemporaneous acts of the parties were admissible to explain or modify it. The court, however, found that the plat was not ambiguous, and an inspection of it, as before stated, supports this finding. In such a situation, ordinarily, parol testimony would be inadmissible to explain or modify an unambiguous plat.

Plaintiff brought his action upon the theory that this strip of land immediately north of Palmer Highland addition was one of the public highways of said addition, and that the same is so marked and designated on the plat in question, and based his right to an injunction as an abutting property owner by an asserted ownership by a reversion in the entire width of said reserve for the entire length of his said lots. Having adopted this theory, plaintiff is bound by it. Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209.

After the court had overruled defendants' demurrer to plaintiff's evidence, and had admitted the testimony of plaintiff as to representations made by defendant Minton to plaintiff and others, in relation to the reserved strip of land, the defendants' testimony disclosed without dispute that the dedicators intended to reserve the 30-foot strip from the plat, and to retain it in themselves as a part of the addition, in order that no addition could be platted upon the north of the strip so reserved.

The evidence further disclosed that, after

it became apparent there would be no addition upon the north of the reserve strip. the owners thereof began to sell this strip by metes and bounds, and that two-thirds of the reserve had been so sold. It was further shown that the plaintiff himself had owned and sold part of the reserve; that houses had been built upon the 30-foot strip; that the city of Pawhuska had never claimed it; that it had at no time been opened up or used by the public as a street; and that since 1910 the defendants had exercised dominion over it.

Furthermore, we understand the rule to be that the remedy for misrepresentation in the sale of real estate is by action to rescind or by suit for damages, and not by injunction, the remedy at law being adequate. Thompson on Real Property, section 4310; Parker v. Shannon, 114 Ill. 192, 28 N. E. 1099; Graham v. Womack, 82 Mo. App. 618.

The Supreme Court of Oregon, in the case of Smith v. Gardner, 6 Pac. 771, and in the case of Tomasini v. Taylor, 72 Pac. 324, had before it the question of whether an injunction would issue to restrain trespassing upon lands alleged by one party to be a public highway and claimed by the other party to be private property. In both cases it is held that injunction is not the proper remedy to determine a contested title, and that the parties should file an action at law.

The manifest object of plaintiff's suit was to determine who owned these reserves, the defendants or the public, the plaintiff claiming a title by reversion upon abandonment by the public of a public street.

From a careful examination of the entire record we conclude that the judgment of the trial court perpetually enjoining the defendants from exercising any authority or control over the strip of land involved herein should be reversed, and the cause remanded to the trial court, with directions to dissolve the injunction and render a judgment in favor of the defendants, dismissing the plaintiff's petition.

By the Court: It is so ordered.

Note.—See under (1) 9 C. J. p. 180, §50. (2) 22 C. J. p. 1086, §1430; 4 R. C. L. p. 125; 1 R. C. L. Supp. p. 1067; 4 R. C. L. Supp. p. 252; 5 R. C. L. Supp. p. 228. (3) 3 C. J. p. 718, §618; 2 R. C. L. p. 79; 1 R. C. L. Supp. p. 387; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp. p. 68. (4) 32 C. J. p. 132, §176.