I. R. BAKER, Plaintiff in Error,

v.

J. E. ELLIS and Ella Ellis, husband and wife, Defendants in Error.

No. 36971.

Supreme Court of Oklahoma.

Jan. 24, 1956.

Wise & Ivester, Sayre, for plaintiff in error.

Euen D. Ellis, Erick, for defendants in error.

PER CURIAM.

Plaintiff in error was defendant, and defendants in error plaintiffs in the court below, and hereinafter will be referred to as they there appeared.

This action was brought by plaintiffs against defendant seeking a permanent injunction against the erection of a dam across Fish Creek by defendant on defendant's land. From a judgment granting a permanent injunction, defendant appeals.

The record reveals that Fish Creek is a small stream with well defined banks, a channel, a flow of water, and permanency, which originates from a spring or springs located on land of the defendant. It flows generally in a southeasterly direction from its origin across defendant's land, thence across the land of one Bud Lewis, thence onto the lands of plaintiffs. The defendant, said Bud Lewis, and plaintiffs are each dependent upon the waters therefrom for stock water. No other source of supply is available. The lands it traverses are primarily pasture lands and have always been used for the grazing of livestock.

The record further reveals that the volume of water flowing onto plaintiffs' land was diminished when there was a small dam or obstruction placed across the creek on defendant's land while water was being hauled therefrom for road construction purposes; that although only a small amount of water was being taken therefrom for such purpose, there were days when there was no flow of water upon plaintiffs' land; that the spring or springs which are the fountainhead of said stream keeps it flowing, when unobstructed, but when obstructed, exhausts the water supply on plaintiffs' land.

The record further reveals that the general structure or formation of the earth in this area is known as Blaine Gyp; that it is not a dependable formation on which to impound water, but has the propensity of letting water escape through breaks, caverns, caves or crevices in the earth, and be lost from the surface to underground passages; that a 2.7 acre pond had been constructed on the land of Bud Lewis within 150 yards of this stream; that when it became filled a sink hole developed and all water drained therefrom into the underground structure.

The record further reveals that defendant had contacted the Soil Conservation Service and a dam had, by them, been surveyed and staked out across Fish Creek on defendant's land some 20 feet high and of sufficient bent to impound a reservoir of from 3 to 5 acres. It was to have a storage capacity of 65 acre feet, an average depth of 13 feet, and a trickle spillway placed therein consisting of a 3 inch pipe.

Plaintiffs learning that construction was about to begin secured a temporary injunction prohibiting the construction of said dam, which injunction was thereafter made permanent.

The evidence on behalf of defendant is to the effect that there was sufficient water coming into the creek below the planned dam site to furnish the plaintiffs with sufficient water for their use; that there was at least one spring below the proposed dam site which was equal in volume to the spring on defendant's land forming the fountainhead of the stream; that the creek was supplied from seepage all up and down the creek and from subterranean sources, as well as from said springs; that if all the water above the dam site was blocked it would be only the matter of a couple of hundred yards of the creek bed; that below the dam site the creek bed extends for more than a mile, with a source of water supply other than the spring which he proposed to block and equal in volume to it.

The evidence on the part of the plaintiffs was in conflict with that of defendant and though such evidence failed to disclose any damage already suffered by plaintiffs, the potentialities therefor are manifest and no doubt it was the threat thereof that prompted the court's judgment.

It is the contention of the defendant on this appeal that the court should not have awarded a permanent injunction against the construction of the dam; that there is not satisfactory proof, such as the law requires, to have justified the trial court in permanently prohibiting defendant from building the dam.

In support thereof he calls our attention to the holdings of this court in Smith v. Stanolind Oil & Gas Co., 197 Okl. 499, 172 P.2d 1002; Broady v. Furray, 163 Okl. 204, 21 P.2d 770; Burkett v. Bayes, 78 Okl. 8, 187 P. 214, and others; the effect of the rulings therein being that the riparian owners have co-equal rights to the use of the waters of a stream and as between such riparian owners each one is limited to a reasonable use, with due regard to the rights and necessities of the other, and that it is the right of all such riparian owners to have the stream substantially preserved in its natural size, flow and purity and protected against material diversion.

We herein again reiterate the rule laid down by this court in Broady v. Furray, supra [163 Okl. 204, 21 P.2d 771], as follows:

"Where plaintiff and defendant both own land adjacent to a definite water course, both of them are entitled to a reasonable use of the waters thereof, so long as such use does not cause substantial damage or detriment to the other."

However, we here note, that in matters of this kind the factual situation which confronts the court is the criterion. The size and character of the stream, the quantity of water appropriated, the potential danger of a (forever loss) of the source of supply, and all the circumstances and conditions existing, must each be considered, before we can say the rights of plaintiffs will not suffer substantial impairment by the erection of the dam proposed by defendant. The fact that plaintiff's property has not yet been damaged is beside the point. When confronted with a nuisance and threatened with the complete loss of their water supply, they do not have to wait the actual infliction of such loss, but have a right, when the potential danger arises to appeal to a court of equity for relief. This they have done.

This record shows that the defendant was about to dam up a stream known as "Fish Creek" and stop the fountainhead of same, where the water, left alone, would run as it ought to run, and was used to run from time immemorial. By this dam, irreparable injury could have been inflicted,

as the petition charges and the evidence discloses.

We are of the opinion that the judgment of the trial court awarding permanent injunction as to this proposed dam is not against the clear weight of the evidence. This does not mean, however, that the defendant is deprived of his right to make a proper use of the waters of "Fish Creek" on his land, even to the point of some impounding of same, as long as it does not cause substantial damage or detriment to the plaintiff, as was held in Broady v. Furray, supra, cited and relied on by both plaintiff and defendant.

The judgment is affirmed.

\*    \*    \*    \*    \*    \*

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JEAN R. REED, and approved by Commissioners JAMES H. NEASE and J. W. CRAWFORD, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.