Walter WHITAKER and Robert Whitaker,
Plaintiffs in Error,

v.

The TOWN OF TIPTON, Oklahoma, an In-
corporated Town, Defendant in Error.

No. 40951.

Supreme Court of Oklahoma.

Nov. 9, 1966.

Rehearing Denied April 4, 1967.

Chamberlin & McBee, Frederick, for plaintiffs in error.

Wilson & Massad, Frederick, for defendant in error.

## PER CURIAM.

Plaintiffs brought this suit to quiet title to the following described real estate in Tillman County, Oklahoma, to-wit:

A tract of land lying North of the West half of Block 11, in the Original Town of Tipton, Oklahoma, according to the recorded plat thereof, more particularly described as follows: Beginning at a point at the Northwest Corner of said Block 11, thence North 50 feet; thence East 140 feet; thence South 50 feet; thence West 140 feet to the place of beginning.

Intervenor, herein referred to as the Town of Tipton, alleged that said land "is a dedicated street for the use and convenience of the public, as shown by the plat and dedication on file in the County Clerk's office, Tillman County, Oklahoma, and that neither plaintiffs nor any purported predecessors in title could acquire any rights to said land adverse to the rights of intervenor by prescription or otherwise except as provided by law; that no resolution or finding has even been made by the governing board of intervenor vacating said street nor any finding that said street is not necessary for the use of the general public."

The original plat and certificate of dedication establishing the townsite of Tipton were filed for record by the owners of the property in August, 1909. The plat reflects that the townsite contained 69 blocks. The plat further discloses an undesignated strip of land along the north edge of the plat. This undesignated strip of land, which is 110 feet wide, extends the entire east-west length of the townsite. The strip is enclosed on the north, west and east sides by solid unbroken lines. The line along the south side of this strip, formed by the north edge of the northern tier of blocks of the townsite, is broken between each block where the platted streets, which run north and south, open directly into the undesignated strip.

In August, 1910, the dedicators deeded this undesignated 110-foot strip jointly to two grantees. These grantees immediately subdivided the northern 60 feet of this 110-foot strip into tracts 140 feet in length and conveyed these tracts to various purchasers. The lower 50 feet of this 110-foot strip was never subdivided, used, or conveyed by these grantees.

In 1960, plaintiffs purchased one of the tracts of land, 140 feet in length, located on the northern 60 feet of the 110-foot

strip. Subsequently, the plaintiffs brought this suit to quiet title by virtue of adverse possession to the corresponding 140 feet located upon the lower 50 feet of the 110-foot strip.

The trial court found that the land in question was dedicated to the Town of Tipton as a part of a public street on the original plat; that the dedication had never been vacated by any official or affirmative action by said town; and that the plaintiffs had no rights in the property. From the order overruling plaintiffs' motion for a new trial, the plaintiffs appeal.

The applicable statute, 11 O.S. 1961, Sec. 515, provides:

"When the plat or map shall have been made out and certified, acknowledged and recorded as required by this Article, every donation or grant to the public, or any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on said plat or map, shall be deemed in law and equity a sufficient conveyance to vest the fee-simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors, their heirs or representatives, to said donee or donees, grantee or grantees, for his, her or their use for the uses and purposes therein named, expressed and intended, and no other use and purpose whatever; and the land intended to be used for the streets, alleys, ways, commons or other public uses in any town or city or addition thereto shall be held in the corporate name thereof in trust to and for the use and purposes set forth and expressed or intended."

In the instant case, the certificate of dedication filed for record along with the plat of townsite provides that the owners "do hereby dedicate to the public use, all streets and alleys as shown on said plat."

■ The dedication of property to a municipality for use as a public way by a recorded plat is deemed perfected by the sale of lots with reference to the plat, without any affirmative official or other action on the part of the municipality or the public. Kennedy v. Hawkins, Okl., 346 P.2d 342; Folsom v. Newman, Okl., 283 P.2d 507.

It is not contended by the plaintiffs that the plat and accompanying certificate of dedication are not sufficient to convey to the Town of Tipton the streets and alleys shown on the plat; but it is earnestly urged that the 50-foot strip, which includes the property in question, was not intended to be dedicated to the public for use as a street.

■ The question of an owner's intention to dedicate his land to the public is one of fact which is to be ascertained, if possible, from examination of the plat, by giving effect to all the marks, lines, and statements thereon. Minton v. Smith, 102 Okl. 79, 227 P. 75; Milliken v. Smith, 120 Okl. 211, 251 P. 84. But if the plat is ambiguous, contemporaneous and subsequent acts of the parties, and the use that has been made of the property are admissible to establish the intent of the dedicators. Minton v. Smith, supra; Phillips Petroleum Co. v. Eckroat, 173 Okl. 17, 46 P.2d 464.

■ Examination of the plat reveals there is no 50-foot strip of land as such, but this strip of land is a part of the undesignated 110-foot strip along the north side of the plat. We do not believe there is any basis to conclude that the entire 110-foot strip was intended for use as a street. The two largest streets on the plat are only 80 feet in width and they were obviously intended to be the main thoroughfares of the Town. But to conclude that none of this 110-foot strip was intended for public use is equally unrealistic. It would mean that every street running north and south in the Town was intended to be a cul-de-sac, or dead-end street, on the north. We simply cannot impute this intent to the dedicators, particularly where the plat shows that these streets are not disconnected from the 110-foot strip but open directly into it. The general platting scheme of the dedicators is further re-

vealed by the fact that there is a 60-foot strip of land, also undesignated, but obviously intended as a street, along the entire east side of the plat. The same is true of the south side of plat where there is a 60-foot strip, bearing the designation "Eugene Ave." Both of these strips of land prevent the streets of the townsite that open into them from being dead-end streets. The western boundary of the plat is formed by a railroad right of way. The trial court correctly admitted additional evidence to resolve the ambiguity created by the plat as to the use intended by the dedicators for this 110-foot strip of land along the north side of the plat.

The evidence adduced by the Town of Tipton established that various portions of the lower 50 feet of the strip had been used by the Town as a street, both before and after its dedication; that no taxes had ever been assessed or paid upon the property; that no one had previously asserted a right of ownership of this property; and that it was generally considered to be public property at the time of the dedication. The plaintiffs' evidence was that no part of the strip had been used as a street for many years; that the portion of the strip involved in the suit had never been so used; that portions of the strip were used and improved at various times by private individuals (although there was evidence that none of them claimed the right of ownership); and that the property was generally known as "no man's land." But the plaintiffs rely primarily upon the fact that the conveyance of the entire 110-foot strip in August, 1910, indicates that the dedicators obviously did not intend to dedicate any part of this property to the public by the plat filed for record in August, 1909. Much weight would be attached to this evidence but for the fact that the immediate grantees of the dedicators never made a conveyance of any portion of the lower 50 feet of the strip, and never asserted any form of ownership over it. The fact that these immediate grantees conveyed away only the upper 60 feet of the strip is consistent with the Town's contention that it was understood that the lower 50 feet of the strip belonged to the public.

■ We believe that the marks, lines, and statements on the plat viewed in conjunction with all the other evidence presented, are consistent with and support the conclusion of the trial court that the 50-foot strip of land, including that portion involved in this dispute, was intended to be, and was, dedicated to the public for use as a street. In any event we are unable to find the judgment of the trial court contrary to the clear weight of the evidence, which finding is required before we will reverse the trial court in cases of equitable cognizance. Blanchard v. Gordon, Okl., 418 P. 2d 678; Nunn v. Osborne, Okl., 417 P.2d 571.

In reaching this decision, we have not overlooked the fact that most of the streets on the plat are 60 feet in width. We do not consider this controlling. Portions of this 50-foot strip were being used as a street at the time the plat was made, and the dedicators apparently found no necessity for increasing its width.

■ The plaintiffs asserted title to the property described in their petition by virtue of adverse possession for longer than the statutory period of fifteen years by joining their occupancy with that of their predecessors. Assuming, without deciding, that the evidence is sufficient to support this assertion, it provides little comfort to the plaintiffs. In Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 171 A.L.R.2d 87, we held:

"In the absence of a statute to the contrary, the title to streets created by dedication is held by the municipality in trust for the public, and not in a proprietary capacity, and, since the municipality is without power to alienate the same, it cannot be divested of title thereto by adverse possession for the prescriptive period."

See also Siegenthaler v. Newton, 174 Okl. 216, 50 P.2d 192.

The judgment of the trial court is affirmed.

This Court acknowledges the services of R. L. Davison, Jr. who with the aid and counsel of Harry M. Crowe and G. Douglas Fox, as Special Masters, prepared a preliminary advisory opinion. These attorneys have been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to HODGES, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.