John R. CURRY, Plaintiff in Error,

v.

Cletis HILL, Defendant in Error.

No. 41852.

Supreme Court of Oklahoma.

Sept. 16, 1969.

Joe Stamper and Jerry Otis, Antlers, for plaintiff in error.

Vester Songer, Hugo, for defendant in error.

DAVISON, Justice.

This appeal is presented by John R. Curry, plaintiff in error, a plaintiff in the trial court, against Cletis Hill, defendant in error, as defendant below. The parties will hereinafter be designated as they appeared in the trial court.

The plaintiff is the owner of a tract of land lying on one side of the Kiamichi River which runs through the southeastern part of Oklahoma. The defendant is the lessee of the land directly across the river from a portion of plaintiff's land.

Plaintiff's petition prayed for injunctive relief against the defendant to prohibit the "defendant from entering upon or crossing by boat or otherwise, the lands of plaintiff and from maintaining trot lines or other fishing paraphernalia in any place within those portions of Kiamichi River owned by plaintiff and crossing plaintiff's lands * * *." Plaintiff claimed ownership of the land to the middle of the stream.

The evidence disclosed that both parties had for some years fished on both sides of the middle of the stream and that both parties had at various times fished with trot lines in the immediate vicinity of the involved property by fastening, tying or staking one end of their trot lines across the middle of the stream and on the part of the river bed owned or leased by the other.

The judgment of the trial court was a short general judgment in favor of the defendant denying the plaintiff the relief prayed for. The plaintiff has appealed.

The plaintiff states the question involved is very simple, as follows:

"In the Indian Territory, are the streams, not determined to be navigable by Congress and which were allotted as a portion of the lands or sold as a portion of the unallotted lands, under the control and ownership of the owner of the lands, or may the public fish at will in such streams?"

The defendant in his answer brief states that since the judgment was general, there were at least four grounds on which the trial court could have rested its decision.

These grounds relied on by defendant are as follows:

"1. The lands were enclosed in common by the parties and no partition fence was ever erected pursuant to Oklahoma Statutes to partition the lands in severalty.

"2. Portions of the lands abutting onto the river and included in the Petition of Curry were acquired by a subdivision of the State subsequent to the enactment of Title 64, O.S.A.1961, Sec. 290 and could not be conveyed away since Kiamichi River comes within the purview of the above cited statute and the County could not convey away by subsequent tax deeds, this vested right.

"3. Hill had acquired a prescriptive right to fish in the stream even though it might have belonged to Curry and his predecessors in title at some time.

"4. That the Kiamichi River is navigable in fact at least so far as fishing and use for pleasure purposes is concerned."

We are of the opinion that as a general rule the ownership of the river bed of a non-navigable river belongs to the owners of the shores on the two sides, divided by an imaginary line drawn, through the middle of the river. 60 O.S.1961, § 338; State ex rel. Com'rs of Land Office v. Warden, 200 Okl. 613, 198 P.2d 402. Therefore for most purposes the plaintiff and defendant herein each had the same privileges and usages to the middle of the stream, the Kiamichi River not being designated as a truly navigable stream.

In his first proposition above defendant relies on Title 4 O.S.1961, § 144. We find and hold that this statute is not applicable to the present case. The cited statute deals with "Animals" and "Herd Law" and is for the regulation of grazing animals.

In his second proposition above, defendant relies on Title 64 O.S.1961, § 290. This statute pertains to the leasing of lands for oil purposes by the Commissioner of the Land Office. The statute does not

pertain to resale tax deeds by County officials.

The tax deeds involved in the present case were introduced in evidence but were withdrawn and not made a part of the record before us. We must assume that the tax deeds or prior sale proceedings contained no exceptions or reservations of any kind and that the purchaser at the tax sale received a virgin title. See Board of County Commissioners of Choctaw County v. Schuessler, Okl., 358 P.2d 830.

■ The third proposition raised by the defendant is the claim of defendant's prescriptive right to fish in the stream, his fishing privileges allegedly having existed over a period of 15 years. The evidence shows that defendant did fish on plaintiff's side of the river involved herein for more than 15 years. However this did not constitute a prescriptive right or easement because the evidence disclosed that his claimed trot line fishing privilege was permissive and not adverse. We so hold. Irion v. Nelson, 207 Okl. 243, 249 P.2d 107.

■ The fourth proposition, supra, raised by defendant is the crucial question to be decided. The question involved is one of first impression in Oklahoma.

The question of whether such streams similar to the Kiamichi River were navigable in fact at least so far as fishing and use for pleasure purposes is concerned has been troublesome to the courts in various jurisdictions for many years. Many decisions have been written on many phases of facts and law pertaining thereto. We find many divergent views on the question and in most instances the opinions are long and with dissenting views being expressed. For instance 65 C.J.S. Navigable Waters § 3, at page 63, states:

> "What constitutes a navigable water can not be determined by a formula which fits every type of stream under all circumstances and at all times, and each determination as to navigability must rest on the facts and circumstances of the particular case."

From the facts introduced, and from common knowledge and from public records available, we find that the Kiamichi River is one of the beautiful streams of southeastern Oklahoma; that it has for many years been known as one of the best fishing streams in the State and used by the public for fishing, recreation and pleasure; that at one time the stream was used for commercial purposes in that logs were floated down its channel to be used for mill purposes; that at the site of the controversy herein the river was between 150 and 200 feet in width; that many small boats are used to travel the river.

The public records of the State Department of Wildlife Conservation show that the State of Oklahoma, through that department, has periodically stocked the river with many thousands of various kinds and species of fish; that several commercial fish camps appear on the river.

The access to the river is limited to logging trails, public highways, county roads or permissions of the abutting land owners.

We are of the opinion that the owner of land through which a non-navigable river flows who, under applicable principle of law owns the beds thereof subject to the rights of the public to use the river as a public highway, does not thereby have exclusive fishing rights therein. That is to say that the owner of land through which a non-navigable river flows is the owner of the river bed; such title, however, is not absolute but is subject to certain burdens imposed by the river.

The case of Elder v. Delcour, 364 Mo. 835, 269 S.W.2d 17, 47 A.L.R.2d 370, is very helpful to the determination of the matter before us. In that case it was held that where the river was navigable in fact the abutting land owner's title to the river bed was not absolute. The owner could not divert or obstruct the flow of the water without liability; he could not obstruct the free passage of fish in the stream without criminal liability. The facts in the cited case are somewhat similar to the in-

stant case. In the cited case it was held that freely moving fish may shift to other parts of the river without regard to the will of the land owner and are in the possession of no one.

Title 29 O.S.1961, § 506, provides:

"All resident fish and wildlife found in this State at the property of the State."

Title 29 O.S.1961, § 401, provides:

"It shall be unlawful for any person to take, kill, or catch from any of the rivers, creeks, lakes or ponds of this State, or any privately owned ponds which are stocked by State or Federal Hatchery fish, any game fish by any means, except with hook and lines attached to a pole or rod, throwline or trotline."

We are of the opinion and hold that the river in question is navigable in fact and that plaintiff owns the land to the middle of the stream but that the water is in the nature of a street or highway so that people who get on the river without committing an act of trespass has the right to boat on either side of the middle of the stream, either up or down stream.

In the present case, however, the defendant was using trot lines fixed or fastened to plaintiff's side of the river bed against the will of plaintiff. In our opinion that was a trespass and the trial court erred in not granting the injunction against the use of such staked trotlines and we so hold.

On the other hand we are of the opinion that the trial court was correct in not enjoining the defendant from fishing on plaintiff's side of the river with ordinary paraphernalia, not fixed or fastened to any portion of the river bed owned by plaintiff.

Our precise holding is that Kiamichi River is an open stream, navigable in fact and can be fished on from boats if the fisherman gets on the stream without trespass against the will of the abutting owner, but that the fisherman cannot fix or station trot lines on the bottom of that part of the stream owned by the abutting land owner without permission of such owner.

The judgment of the trial court is affirmed in part and reversed in part, with directions to divide the costs equally between the parties.

All Justices concur.