PROPERTY
All rivers, streams, creeks and waterways within the State of Oklahoma forming a definite stream or course are public waters, subject to appropriation by the State for the benefit and welfare of the people. Riparian owners along waters forming a definite stream, navigable, or non-navigable, may not fence across said waters for the purpose of limiting public use thereof; however, riparian owners may take reasonable action to prevent physical trespass upon their property by those persons seeking access to public waters. Since definite streams are public waters, an individual is not subject to fine and punishment for fishing upon the same without the consent of the riparian owner; however, those utilizing private property to gain access to public streams without consent of the landowner are subject to fine and punishment upon the filing of a proper complaint. The Attorney General has considered your request for an Opinion wherein you ask, in effect, the following questions: 1. Are all rivers, streams, creeks and waterways of Oklahoma, forming a definite stream or course, public waters for all purposes and controlled by the State of Oklahoma by virtue of Title 60 O.S. 60 [60-60] (1971)? 2. Do riparian owners along non-navigable rivers, streams and creeks, have a right to fence across said waters or limit access across their property to the same thereby preventing the public from boating or floating up and down said waterways? 3. Is the general public subject to fine and imprisonment in accordance with Title 29 O.S. 6-304 [29-6-304] of the Wildlife Code for fishing without consent in streams of this State which cross the land of a riparian owner who wishes to file a trespass complaint under the foregoing section? In response to your first question, it is initially noted that 60 O.S. 60 [60-60] (1971) provides as follows: "The owner of the land owns water standing thereon, or flowing over and under its surface but not forming a definite stream. The use of ground water shall be governed by the Oklahoma Ground Water Law. Water running in a definite stream, formed by nature over or under the surface, may be used by him for domestic purposes, as defined in Section 2(a) of this Act, as long as it remains there, but he may not prevent the natural flow of the stream, or the natural spring from which it commences its definite course, nor pursue nor pollute the same, as such water then becomes public water and is subject to appropriation for the benefit and welfare of the people of the State, as provided by law; provided however, that nothing contained herein shall prevent the owner of land from damming up or otherwise using the bed of a stream on his land for the collection or storage of waters in an amount not to exceed that which he owns, by virtue of the first sentence of this section so long as he provides for the natural flow of the stream in an amount equal to that which entered his land less the uses allowed in this Act; provided further, that nothing contained herein shall be construed to limit the powers of the Oklahoma Water Resources Board to grant permission to build or alter structures on a stream pursuant to Title 82 to provide for the storage of additional water the use of which the landowner has or acquires by virtue of this Act." In the case of Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District, 464 P.2d 748 (1969), the Supreme Court of the State of Oklahoma, at page 752, observed as follows: "Under the provisions of 60 O.S. 60 [60-60] (1951), the landowner cannot assert ownership in water 'forming a definite stream'. His rights therein are purely riparian. Baker v. Ellis, Okl., 292 P.2d 1037; Smith v. Stinland Oil and Gas Company, 197 Okl. 499, 172 P.2d 1002." The Court went on to observe, at page 753 of said Opinion, that: "Definite non-navigable streams are public waters. The State may either reserve to itself or grant to others its right to utilize these streams for beneficial purposes. Grand Hydro v. Grand River Dam Authority, 192 Okl. 693,139 P.2d 798, 801; See, also King v. Chamberland, 20 Idaho 504,118 P. 1099, 1101; State ex rel. State Game Commission v. Red River Valley Company, 51 N.M. 207,182 P.2d 421, 466." It is apparent that, pursuant to the provisions of 60 O.S. 60 [60-60] (1971) and the observations of the Supreme Court as hereinabove stated, all waters forming a definite stream, navigable or nonnavigable, are not subject to individual ownership, except as allowed under the provisions of 60 O.S. 60 [60-60] (1971); rather, such waters are public waters, subject to appropriation by the State for the benefit and welfare of the people of the State, as provided by law. In response to your second question, we find the observations of the Supreme Court of the State of Oklahoma in the case of Curry vs. Hill,460 P.2d 933 (1969), at page 935, especially compelling. In that case, the Supreme Court stated as follows: "We are of the opinion that the owner of land through which a non-navigable river flows who, under applicable principle of law owns the beds thereof subject to the rights of the public to use the river as a public highway, does not thereby have exclusive fishing rights therein. That is to say that the owner of land through which a non-navigable river flows is the owner of the river bed; such title, however, is not absolute but is subject to certain burdens imposed by the river. "The case of Elder vs. Delcour,364 Mo. 835, 269 S.W.2d 17, 47 A.L.R.2d 370, is very helpful to the determination of the matter before us. In that case it was held that where the river was navigable in fact the abutting landowner's title to the river bed was not absolute. The owner could not divert or obstruct the flow of the water without liability; he could not obstruct the free passage of fish in the stream without criminal liability." Emphasis Added It is apparent from the observations contained in the Curry vs. Hill case, supra, and the provisions of 60 O.S. 60 [60-60] (1971), heretofore cited, that riparian owners along non-navigable rivers, streams and creeks within the State of Oklahoma, may not fence across the public waters abutting their land for the purpose of limiting public use thereof; however, riparian owners may act to prevent physical trespass upon their property by fishermen and boaters seeking access to the public waters. In response to your third question, it is observed that 29 O.S. 6-304 [29-6-304] (1977) provides as follows: "A. Except as otherwise provided, no person may fish upon the land of another without the consent of the owner, lessee or occupant of such land. "B. Areas exempt from the above provision are: 1. Lands not occupied by resident thereon, unless notice of objection is conspicuously posted upon the premises by the owner or his agent. 2. Land of the State which not leased and occupied by a resident. "C. Any ranger investigating a fisherman in the field has a duty to inform the fisherman that it is necessary to obtain the landowner's or occupier's consent to fish on the particular property, provided that prosecution for violations of this section can be commenced only upon written complaint of such owner or occupant filed before any court authorized to punish such violation, or upon written complaint to any game ranger, or officer authorized to make arrest for such offenses. "D. Trespassing on lands which are fenced and exhibit posted signs at all entrances is hereby prohibited. Hunters and fishermen in violation of this provision of this code shall be subject to fines as outlined in subsection E. "E. Any person convicted of violating provisions of this section shall be punished by a fine of not less than Ten Dollars ($10.00) nor more than One Hundred Dollars ($100.00), or by imprisonment in the county jail for thirty (30) days, or by both such fine and imprisonment." Emphasis Added It is noted that the above statute refers solely to the "land of another". As heretofore observed, waterways forming a definite stream or course do not fall within the definition of the statute as the same are not subject to private ownership but are public in nature. However, it is further noted that the public nature of the waterway extends only to the open stream. In Curry v. Hill, heretofore cited, the Supreme Court of the State of Oklahoma in referring to the Kiamichi River, at page 936, stated as follows: "Our precise holding is that the Kiamichi River is an open stream, navigable in fact and can be fished on from boats if the fisherman gets on the stream without trespass against the will of the abutting owner, but that (the) fisherman cannot fix or station trot lines on the bottom of that part of the stream owned by the abutting landowner without permission of such owner." It is therefore apparent that, although 29 O.S. 6-304 [29-6-304] (1977) is not applicable to the stream or course of the public waterway, any person trespassing or otherwise invading the private property of the landowner without his consent may be subject to fine and punishment. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: All rivers, streams, creeks and waterways within the State of Oklahoma forming a definite stream or course are public waters, subject to appropriation by the State for the benefit and welfare of the people. Riparian owners along waters forming a definite stream, navigable or non-navigable, may not fence across said waters for the purpose of limiting public use thereof; however, riparian owners may take reasonable action to prevent physical trespass upon their property by those persons seeking access to public waters. Since definite streams are public waters, an individual is not subject to fine and punishment for fishing upon the same without the consent of the riparian owner; however, those utilizing private property to gain access to public streams without consent of the landowner are subject to fine and punishment upon the filing of a proper complaint. (LARRY D. BARNETT) (ksg)